EXPARTE SPEICHER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-466-CR

         2-05-467-CR

EX PARTE 

MICHAEL RAY SPEICHER 

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Michael Ray Speicher appeals from the trial court’s denial of his  motions to set reasonable pretrial bail in two cases.  We reverse and remand.

Factual and Procedural Background
(footnote: 2)
 Appellant is awaiting trial on indictments in two cases, one for possession of cocaine of more than four grams but less than two hundred grams and the other for aggravated assault with a deadly weapon.  He was released on $10,000 bond in the possession case and $15,000 bond in the assault case.  While he was released on bond, Appellant—by his own admission—violated at least three conditions of bail imposed by the trial court: he failed to appear before the court as ordered on October 20, 2005; he tested positive for cocaine in a routine urinalysis; and he violated a protective order by contacting the complainant in the aggravated assault case.  Appellant moved the court to set reasonable bail in both cases.  After an evidentiary hearing on December 9, 2005, the trial court magistrate denied Appellant bail.  The district judge adopted the magistrate’s order on January 3, 2006.

Analysis

All prisoners are bailable except in capital cases when the proof is evident.  
Tex. Const. 
art. I, § 11; 
Tex. Code Crim. Proc. Ann.
 art.
 1.07 (Vernon 2005).  When a judge or magistrate in whose court a criminal action is pending finds that a bail bond is defective, excessive, or insufficient in amount, or that the sureties are not acceptable, or for any other good and sufficient cause, such judge or magistrate may order the accused to be rearrested and require the accused to give another bond in such amount as the judge or magistrate may deem proper.  
Tex. Code Crim. Proc. Ann.
 art.
 17.09, § 3 (Vernon 2005).  Nothing in the code of criminal procedure suggests that a trial court may deny a defendant his constitutional right to bail pending trial, as opposed to setting another bond at a higher amount, when the defendant violates the conditions of the original bond.  
See
 
Ex parte Marcantoni
, No. 14-03-00079-CR, 2003 WL 1887883, at *3 (Tex. App.—Houston [14th Dist.] April 17, 2003, no pet.) (mem. op.) (not designated for publication).

Article I, section 11a of the Texas constitution authorizes a district judge to deny bail in certain noncapital cases, but the order denying bail must be issued within seven calendar days subsequent to the time of the incarceration of the accused.  
Tex. Const. 
art. 1, § 11a.  The record shows that Appellant was arrested on November 10, 2005—more than seven calendar days before the December 9 bail hearing before the magistrate judge.  The district judge did not sign the order adopting the magistrate’s ruling until January 3, 2006. Therefore, article I, section 11a does not justify the trial court’s decision to deny Appellant’s bail.

We therefore hold that the trial court abused its discretion in denying Appellant’s motion to set reasonable bail pending trial.

Conclusion

We reverse the trial court’s denial of Appellant’s motion to set reasonable bail and remand to the trial court to set new bail in both cases.

ANNE GARDNER

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Because we did not request briefs in this appeal, we look to the clerk’s records and reporter’s record for the procedural history of the cases.  
See 
Tex. R. App. P.
 31.1.